IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE COLEMAN | : | CIVIL ACTION |
| [ES-7780] | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | NO.  10-3025 |
| BOARD OF PROBATION AND PAROLE, et al. | : | |

**REPORT AND RECOMMENDATION**

M. FAITH ANGELL                                                                               March 28, 2012
UNITED STATES MAGISTRATE JUDGE

Presently before this Court is a *pro se* Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner.  Petitioner, Terrance Coleman, is currently on parole[1] at an unknown location after being incarcerated at the State Correctional Institution ["SCI"] in Somerset, Pennsylvania where he was serving a term of imprisonment of six (6) to twelve (12) years for robbery.  For the reasons which follow, it is recommended that Mr. Coleman's habeas claims be denied and dismissed without an evidentiary hearing.

**I.  BACKGROUND AND PROCEDURAL HISTORY**[2]

Mr. Coleman is serving a six (6) to twelve (12) year sentence for five (5) counts of robbery at Pennsylvania Department of Corrections' Inmate Number ES-7780.  *See* Respondents' Motion

---

[1]Although Mr. Coleman has been released, the issues presented in his petition are not thereby moot as he remains in custody of the state under the terms of his parole.  *See USA v. Essig*, 10 F.3d 968 (3d Cir. 1993); *USA v. Marron*, 1996 WL 677511 (E.D.Pa., November 22, 1996).

[2]In preparing this Report and Recommendation, I have reviewed the following documents: Petitioner's Application for Leave to File Original Process and his Memorandum of Law in Support of Petition for Writ of Habeas Corpus, inclusive of all exhibits thereto; Mr. Coleman's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody, and Respondents' Motion to Dismiss as Moot/Application for Stay, with exhibits.

to Dismiss as Moot/Application for Stay[3], Exhibit 1 The minimum and maximum dates for this sentence are March 21, 2006 and March 21, 2012, respectively. *Id.*

The Pennsylvania Board of Probation and Parole[4] reparoled Petitioner from this sentence on May 14, 2007. *Id.*, Exhibit 2; Memorandum of Law in Support of Petition for Writ of Habeas Corpus[5] at 2. While on parole, Mr. Coleman was arrested for new criminal charges which involved firearms and for technical parole violations. *See* Respondents' Motion, Attachment A, ¶9; Petitioner's Memo at 2. On December 27, 2007, Petitioner waived his hearing rights regarding the technical parole violation, and he admitted to violating condition #3B (failure to report an arrest within 72 hours) of his parole. *See* Respondents' Motion, Attachment A, ¶10. Based upon the waiver/admission form which Petitioner signed, the Board recommitted Mr. Coleman as a technical parole violator to serve six (6) months by decision of February 11, 2008, mailed April 1, 2008. *See* Respondents' Motion, Exhibit 3. The Board decided:

> Detain pending disposition of criminal charges.
> (Arrested 12/22/07 by the Philadelphia Police Department.)
>
> Recommit to a state correctional institution as a technical parole violator to serve 6 months backtime, when available, pending resolution of [petitioner's] new criminal charges.
> --6 months for violation of condition #3B, failure to report an arrest within 72 hours.
> Evidence relied on: [Petitioner's] admission.
> Reason: Violation established.
>
> While confined, you must comply with the institution's prescriptive program requirements and have no misconducts.

---

[3]Hereinafter "Respondents' Motion".

[4]Hereinafter "the Board".

[5]Hereinafter "Petitioner's Memo".

> Violation max date of 3/21/2012 is subject to change if convicted of pending criminal charges.
>
> If you wish to appeal this decision, you must file a request for administrative relief with the Board within thirty days of this order. This request shall set forth specifically the factual and legal basis for the allegations. See 37 Pa. Code Sec. 73. You have the right to an attorney in this appeal and in any subsequent appeal to the Commonwealth Court.

Respondents' Motion, Exhibit 3. Petitioner's maximum sentence date remained March 21, 2012. *See* Respondents' Motion, Attachment A, ¶12. Mr. Coleman was returned to a state correctional facility on February 12, 2008. *Id.* at ¶13.

On August 31, 2009, the criminal charges pending against Petitioner for firearms violations in the Court of Common Pleas of Philadelphia County were nolle prossed. *Id.* at ¶14. Following the dismissal of these criminal charges, the Board charged Mr. Coleman with a technical parole violation for possession of weapons. *Id.* at ¶15; Petitioner's Memo at 3. On December 15, 2009, the Board held a violation hearing for Mr. Coleman concerning condition #5B (possession of a weapon). *See* Respondents' Motion, Attachment A, ¶16. Following the hearing, Petitioner was recommitted as a technical parole violator to serve twelve (12) months for violating condition #5B by decision recorded on December 22, 2009, and mailed on December 28, 2009. *See* Respondents' Motion, Exhibit 4; Petitioner's Memo at 3. The Board decided:

> Refer to Board action of 2/11/2008 to recommit to a state correctional institution as a technical parole violator to serve 6 months backtime and now:
>
> Recommit to a state correctional institution as a technical parole violator to serve 12 months concurrently for a total of 12 months backtime.
> --12 months for technical parole violation of condition #5B, possession of a weapon.

> Evidence relied on: Testimony of Detective Garcia.
> Reasons: Early failure on reparole. Violation established.
>
> While confined, you must comply with the institution's prescriptive program requirements and have no misconducts.
>
> List for reparole review on the next available docket.
>
> If you wish to appeal this decision, you must file a request for administrative relief with the Board within thirty days of this order. This request shall set forth specifically the factual and legal basis for the allegations. See 37 Pa. Code Sec. 73. You have the right to an attorney in this appeal and in any subsequent appeal to the Commonwealth Court.

Respondents' Motion, Exhibit 4. Mr. Coleman's maximum sentence date still remained at March 21, 2012. *See* Respondents' Motion, Attachment A, ¶18.

Subsequently, Petitioner filed an "Application for Leave to File Original Process" in the Supreme Court of Pennsylvania. On April 6, 2010, Pennsylvania's Supreme Court granted Mr. Coleman's application, but it denied his Petition for Writ of Mandamus. *See Coleman v. Commonwealth of Pennsylvania Board of Probation and Parole*, 992 A.2d 108 (Pa. 2010).

By decision recorded April 4, 2011, the Board granted Petitioner reparole from his sentence at inmate number ES-7780. *See* Respondents' Motion, Exhibit 5. Mr. Coleman was released on reparole from SCI-Somerset to the Gaudenzia Diagnostic and Rehabilitation Center in Philadelphia, Pennsylvania. *Id.*, Exhibit 6.

My Chambers communicated with the Records Room at SCI-Somerset, Mr. Coleman's place of incarceration at the commencement of this federal habeas proceeding. We were informed that Petitioner's maximum sentence date remained March 21, 2012; however, an eight-year consecutive parole term overlays that date. Thus, he remains a parolee under the supervision of the Board.

On June 18, 2010, Mr. Coleman signed and dated the instant habeas petition, and it was filed in this Court on June 21, 2010.[6]  *See* Application for Leave to File Original Process at [1].  He claims the following as grounds for habeas relief:

> GROUND ONE: False Arrest - Violation report was falsified with incorrect information.
>
> GROUND TWO: Malicious Prosecution - The initial violation report was incorrect.
>
> GROUND THREE: Double Jeopardy - In criminal proceeding all charges [were] dropped for lack of prosecution but parole board had a second bit[e] of the apple for more prosecution.

Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody[7] at 8-12.

On November 17, 2010, the case was dismissed by the Honorable Harvey Bartle, III, and Mr. Coleman appealed that decision to the Third Circuit Court of Appeals.  On April 8, 2011, the Third Circuit opined:

> The foregoing request for a certificate of appealability is granted. From the record before us, it would appear that [petitioner] complied with the District Court's orders that he file his habeas petition on the requisite forms and pay the filing fee.  The District Court however dismissed the case.  Because we cannot ascertain the reasons for dismissal, we will summarily vacate the District Court's order and remand the matter to the District Court for further proceedings.

*Coleman v. PA Board of Probation & Parole*, CA No. 10-4770, Order (3d Cir. April 8, 2011); District Court Docket Entry No. 11.

The Commonwealth subsequently filed a motion to dismiss, and it asserts that Petitioner is

---

[6] For the purposes of this Report and Recommendation, under the prison mailbox rule, I will accept the earlier date, June 18, 2010, as the date of filing.  *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

[7] Hereinafter "Petition".

5

not entitled to federal habeas relief as the matter is moot. *See* Respondents' Motion to Dismiss as Moot/Application for Stay[8] at 1.

## II. DISCUSSION

### A. Exhaustion and Procedural Default

The exhaustion rule, codified in 28 U.S.C. §2254, generally requires a federal court to postpone habeas corpus jurisdiction until "the applicant has exhausted the remedies available in the courts of the State". The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in enforcement of federal law and to prevent disruption of state judicial proceedings. *See Rose v. Lundy*, 102 S.Ct. 1198, 1203 (1982); *Castille v. Peoples*, 489 U.S. 346 (1989).

> To properly exhaust a claim involving a determination by the Parole Board, the petitioner must first seek administrative review with the Parole Board. *See* 37 Pa. Code §73.1(a). Once the Parole Board has rendered a final decision, the petitioner must seek review in the Commonwealth Court. *See* 42 Pa.C.S.A. §763(a). Unlike appeals and collateral review of convictions, a petitioner challenging the Commonwealth Court's denial of parole relief must seek review in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement.

*Pagan v. Pennsylvania Board of Probation and Parole*, 2009 WL 210488 *3 (E.D.Pa. January 22, 2009); *see also Brown v. Pennsylvania Board of Probation and Parole*, 2010 WL 2991166 (E.D.Pa. July 28, 2010).

The record reveals that Mr. Coleman did not request administrative relief with the Board after either the Board's February 11, 2008, decision or its December 22, 2009, decision. Neither did he appeal to the Commonwealth Court of Pennsylvania. Instead, he filed a Petition for Writ of

---

[8]Hereinafter "Respondents' Motion".

Mandamus in the Supreme Court of Pennsylvania, which was denied. Consequently, his claims are unexhausted.

The time for Mr. Coleman to file a request for administrative relief with the Board or to appeal to the Commonwealth Court has now expired. His request for administrative relief must have been filed within thirty (30) days of the Board's order rendering its decision. *See* 37 Pa. Code §73. Furthermore, a notice of appeal to Pennsylvania's Commonwealth Court must be filed within thirty (30) days after the entry of the order from which the appeal is taken. *See* Pa.R.A.P. 903(a). Petitioner, thus, is time-barred under state law from seeking such review, and he is in procedural default for failure to comply with the state filing requirement. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). This failure to seek administrative relief, followed by a request for review by the Commonwealth Court, is an independent and adequate state ground which bars federal court review of Petitioner's claims.

"Procedurally defaulted claims cannot be reviewed unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Brown v. Pennsylvania Board of Probation and Parole*, 2010 WL 3025617 *2 (E.D,Pa. June 7, 2010) (internal quotations omitted). Mr. Coleman has not made a showing of cause or prejudice to excuse the default. Nor does he demonstrate that a failure to consider these claims will result in a fundamental miscarriage of justice. Petitioner is not entitled to federal habeas relief from this court.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.[9]

BY THE COURT:

S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

By E-Mail:
Hon. Harvey Bartle, III
Chad L. Allensworth, Esq.          callenswor@pa.gov

By Mail:
Terrance Coleman
ES-7780
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510

---

[9] Petitioner may file objections to this Report and Recommendation. *See* Local Civil Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.